FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254    RECEIVED

Name: David Donnie Williams

2007 JUL 13 A 9:37

Prison Number: # 169189

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Place of Confinement: St. Clair Correctional Facility - 1000 St. Clair Road, Springville, Alabama 35146

United States District Court __Middle__ District of __Alabama__

Case No. __2:07cv642-WHA__
(To be supplied by Clerk of U. S. District Court)

__David Donnie Williams__, PETITIONER
(Full Name)   (Include name under which you were convicted)

__Ralph Hooks__, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF __Alabama__

__Troy King__, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, the original and two copies * must be mailed to the Clerk of the United States District Court whose address is:

P.O. Box 711<br>Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

   *If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

PETITION

1. Name and location of court which entered the judgment of conviction under attack __Circuit Court of Bullock County__

2. Date of judgment of conviction _____

3. Length of sentence __38 years__ Sentencing Judge _____

2

4. Nature of offense or offenses for which you were convicted: <u>Stalking and   Domestic Violence</u>

5. What was your plea? (check one)
   (a) Not guilty ( x )
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury ( X )
   (b) Judge only ( )

7. Did you testify at the trial?  Yes ( )   No ( x )

8. Did you appeal from the judgment of conviction?  Yes ( x )   No ( )

9. If you did appeal, answer the following:
   (a) Name of court <u>Alabama Court of Criminal Appeals</u>
   (b) Result <u>Affirmed</u>
   (c) Date of result _____
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: <u>Appellate Counsel Abandon direct appeal and didn't   file Certiorari in the Supreme Court of Alabama.</u>

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?  Yes ( x )   No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court <u>Circuit Court of Bullock County, AL</u>
        (2) Nature of proceeding <u>Rule 32 petition</u>

        (3) Grounds raised <u>Denial of effective Assistance of trial and   appellate counsel.</u>

        (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )   No ( X )
        (5) Result _____
        (6) Date of result _____

3

(b) As to any second petition, application or motion give the same information:
  (1) Name of court __Circuit Court of Bullock County, AL__
  (2) Nature of proceeding __Rule 32 petition__

  (3) Grounds raised __The trial court was without jurisdidction to accept verdict as the jury returned a verdict of not guilty to Harassment, The essential element of the charge of Stalking.__

  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( x )
  (5) Result __Denied__
  (6) Date of result _____

(c) As to any third petition, application or motion, give the same information:
  (1) Name of Court __None__
  (2) Nature of proceeding _____

  (3) Grounds raised _____

  (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )
  (5) Result _____
  (6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
  (1) First petition, etc.        Yes ( )   No ( )
  (2) Second petition, etc.   Yes ( )   No ( )
  (3) Third petition, etc.      Yes ( )   No ( )

(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: __Inapplicable, I appealed__

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.
   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   x(i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.
   (k) Denial of effective assistance of appellate counsel.

5

A. Ground one: __See Attached Pages__

Supporting FACTS (tell your story briefly without citing cases or law):
__See Attached Pages__

B. Ground two: __See Attached Pages__

Supporting FACTS (tell your story briefly without citing cases or law):
__See Attached Pages__

C. Ground three: __See Attached Pages__

Supporting FACTS (tell your story briefly without citing cases or law):
__See Attached Pages__

D. Ground four: **See Attached Pages**

Supporting FACTS (tell your story briefly without citing cases or law):
**See Attached Pages**

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?    Yes ( )    No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing **Kenneth Asbon**

   (b) At arraignment and plea **SAME**

   (c) At trial **SAME**

   (d) At sentencing **SAME**

   (e) On appeal _____

7

(f) In any post-conviction proceeding ___NONE___

(g) On appeal from any adverse ruling in a post-conviction proceeding: ___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
   Yes ( X )   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes ( )   No ( X )

   (a) If so, give name and location of court which imposed sentence to be served in the future: ___N/A___

   (b) And give date and length of sentence to be served in the future: ___NONE___

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
      Yes ( )   No ( X )

   Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

   _____
   Signature of Attorney (if any)

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on ___7-2-07___.
                                                    (date)

   _____
   Signature of Petitioner

ISSUE I.

WHETHER THE EVIDENCE ADDUCED AT TRIAL WAS SUFFICIENT TO SUSTAIN A CONVICTION ON THE CHARGE OF "STALKING" IN VIOLATION OF SECTION 13A-6-90.

---

In summary, the testimony of the witnesses for the State did not prove the State's case beyond a reasonable doubt. Starting with Ms. Baker, the Security Guard, she could not testify that she had ever seen Williams stalk Callie Williams. Also, Johnny Taylor stated that he had lied before to the Pardon and Parole Board on Williams behalf. However, Taylor has been convicterd of crimes of moral turpitude and as such he has no credibility. Furthermore, Taylor offered no evidence of stalking on the part of Williams.

Mr. Jernigan was called by the State and did not offer any testimony or evidence of stalking on the part of Williams. The younger children of Callie Williams, Quadarius (14) and Narkeisha (8), both offered testimony that was favorable to Williams' defense. Narkeisha stated that she had heard her mother and Williams cursing each other during quarrels and Quadarius testified that <u>his mother and the prosecutor had helped him memorize his testimony so that they could get David Donnie Williams and send him to prison and that they needed his help to do so.</u> (Emphasis added)

Anthony Blakeley testified that he was in the car with Williams at the time the alleged stalking took place and that at no time did he ever hear any type of threat made by Williams. Additionally, Lt. Freeman testified that his only involvement was that of a high speed chase with Williams concerning traffic violations; that he never observed any stalking by Williams.

In fact, the only witness, other than Callie Williams herself, who gave any type of testimony favorable to the state was Lakeisha Williams, who is the adult (21-year old) daughter of Callie Williams, and her testimony closely mirrored that of her mother.

As such, the only conclusion that can be derived from these facts is that a reasonable jury could not have convicted Williams based on such insufficient evidence as was presented at trial. Therefore, because the wrong standard of review was held, the jury's decision failed to uphold the correct standard of review as stated in JACKSON V. VIRGINIA, 443 US 307, 61 L. Ed.2d 560, 99 S Ct. 2781:

"...As the evidence to support a state criminal conviction must be proof of guilt beyond reasonable doubt as determined by rational trier of fact."

ISSUE II.

PETITIONER'S TRIAL COUNSEL WAS INEFFECTIVE DURING TRIAL
DUE TO HIS FAILURE TO OBJECT TO THE TRIAL JUDGE'S
INSTRUCTIONS TO THE JURY TO CONTINUE DELIBERATION.

---

The jury's written note to the judge was that they were split on the Domestic Violence charge. It was error for the trial court to react to the jury's communication that it could not reach unanimous verdict.

ISSUE III.

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE
COUNSEL DUE TO HIS FAILURE TO RAISE ON DIRECT APPEAL
THAT TRIAL COUNSEL WAS INEFFECTIVE DUE TO HIS FAILURE
TO OBJECT TO THE TRIAL JUDGE'S INSTRUCTION TO THE JURY
TO CONTINUE DELIBERATION.

---

The Fourteenth Amendment of the United States Constitution provides Petitioner with a fundamental right to a unanimous jury verdict on whether the criminal act charged has been committed. It was error for the trial court to react to the jury's communication that it could not reach unanimous verdict.

ISSUE IV.

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE
COUNSEL DUE TO HIS FAILURE TO RAISE ON DIRECT APPEAL THAT
THE CIRCUIT COURT HAD BEEN WITHOUT JURISDICTION TO ADJUDICATE
HIS GUILT OF STALDING BECAUSE HE WAS ACQUITTED OF THE LESSER-
INCLUDED OFFENSE OF HARASSMENT.

Petitioner contends that, because the offense of Harassment is a lesser-included of the greater offense of Stalking, his Stalking conviction was void because the same facts that were supposely used to prosecute him for the underlying misdemianor for Harassing his ex-wife or Trespassing upon her premises wer subsequently used to establish an element of the Stalking charge, i.e., that the accused had "intentionally and repeatedly followed or harassed" the victim, that the accused made a "credible threat," and that the accused "intended" to place the victim in reasonable fear of death or serious bodily injury.

ISSUE V.

THE PETITIONER ALLEGES THAT THE CIRCUIT COURT WAS WITHOUT
JURISDICTION TO ADJUDICATE HIS GUILT OF THE GRATER OFFENSE
OF STALKING BECAUSE HE WAS ACQUITTED OF THE MISDEMEANOR
LESSER-INCLUDED OFFENSE OF HARASSMENT.

---

The Appellant argues on appeal that the trial court was without subject matter jurisdiction to accept the verdict of "Stalking" in his case due to the finding of not guilty to the charge of "Domestic Violence/Harassment" by the jury. Appellant further argues that the evidence admitted of the additional charge in the indictment, "Stalking," made up the "Res gestae" of both offenses "Harassment" and were relevant to prove Williams guilty or not guilty of both offenses.

FROM: DAVid Dowif WilliAms
AIS# 169189
1000 ST. ClAiR Rd.
SpriNsville, AL 35146

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

To: DEBRA P. HACKETT, clERk
BI10 FRANk M. JoHNsoN, Jr
U.S. CourT House Comp
ONE cHurcH STREET
P.O. Box 711
MonTsomery, AL 36101-0