IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID DONNIE WILLIAMS, ) | |
| # 169189, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:07cv642-WHA |
| ) | (WO) |
| RALPH HOOKS, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

David Donnie Williams ("Williams"), a state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams seeks relief from his November 2004 stalking conviction following a jury trial in the Circuit Court for Bullock County, Alabama. The trial court sentenced Williams to 38 years in prison.

Williams filed a direct appeal, presenting as his sole claim that the evidence was insufficient to support his conviction. The Alabama Court of Criminal Appeals affirmed Williams's conviction and sentence in a memorandum opinion issued on December 16, 2005. The appellate court overruled Williams's application for rehearing on January 13, 2006. Williams did not seek certiorari review with the Alabama Supreme Court, and the Alabama Court of Criminal Appeals entered a certificate of judgment on February 1, 2006. (*Doc. No. 8, Exhs. A-G.*)

On March 28, 2006, Williams filed a state post-conviction petition pursuant to Ala.R.Crim.P. 32. In the Rule 32 petition, Williams asserted the following claims:

1. The trial court erred in instructing the jury to continue deliberations after the jury informed the court that it was deadlocked.

2. The trial court's instructions to the jury about continuing its deliberations should have taken place in the courtroom, in the presence of defendant and his counsel.

3. The trial court lacked jurisdiction to adjudicate him guilty of stalking after he was acquitted of a lesser included offense.

4. He was denied effective assistance of trial counsel because counsel failed to object to the trial court's instructions to the jury to continue its deliberations.

5. He was denied effective assistance of appellate counsel because (i) the only issue raised on appeal was the sufficiency of the evidence "when other issues were available," and (ii) appellate counsel failed to raise the claim that the trial court lacked jurisdiction to adjudicate him guilty of stalking after he was acquitted of a lesser included offense.

(*Doc. No. 8, Exh. H at 2-13*.) On April 25, 2006, the trial court entered an order finding Williams's claims to be without merit and denying his Rule 32 petition. (*Doc. No. 8, Exh. H at 59-60*.) Williams appealed, reasserting the claims presented in his Rule 32 petition and also contending for the first time that (i) his *trial* counsel was ineffective for failing to object to the trial court's purported lack of jurisdiction to adjudicate him guilty of stalking, and (ii) he did not receive proper notification that he was being charged with stalking. (*Doc. No. 8, Exh. I.*) On August 18, 2006, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Williams's Rule 32 petition, finding that

the two issues raised for the first time in Williams's appeal were not properly before the court for appellate review and that Williams's remaining claims were without merit. (*Doc. No. 8, Exh. J*.) Williams filed an application for rehearing, which was overruled on September 1, 2006. On October 13, 2006, the Alabama Supreme Court denied Williams's petition for writ of certiorari and issued a certificate of judgment. (*Doc. No. 8, Exhs. N-P*.)

On February 7, 2007, Williams filed a second Rule 32 petition in the trial court, asserting claims that (i) his conviction was obtained in violation of the Double Jeopardy Clause; (ii) the trial court was without jurisdiction to render judgment or impose sentence because he was convicted in violation of the Double Jeopardy Clause; and (iii) his sentence exceeded the maximum authorized by law. (*Doc. No. 8, Exh. Q at 6, 9, and 13*.) On March 15, 2007, the trial court denied Williams's petition, finding that his claims were successive, time-barred, and precluded. The trial court further found that Williams's double jeopardy claim was meritless and did not accurately state the circumstances of his conviction. (*Id. at 35*.) Williams appealed the trial court's decision. When he filed the instant federal petition, his appeal from the denial of his second Rule 32 petition was pending before the Alabama Court of Criminal Appeals.

Williams filed this 28 U.S.C. § 2254 petition on July 2, 2007. In his federal petition, Williams asserts the following claims:

1. The evidence presented at trial was insufficient to support his conviction for stalking.

2. He was denied effective assistance of trial counsel because trial counsel failed to object to the trial court's instructions to the jury

        to continue its deliberations.

3.      He was denied effective assistance of appellate counsel because appellate counsel (i) failed to raise the claim that trial counsel was ineffective for failing to object to the trial court's instructions to the jury to continue its deliberations, and (ii) failed to raise the claim that the trial court lacked jurisdiction to adjudicate him guilty of stalking after he was acquitted of a lesser included offense.

(*Doc. No. 1 at 9-12*.)

In their answer to Williams's petition, the respondents argue that the claims pending before this court do not entitle Williams to any relief. (*Doc. No. 8*.) Specifically, the respondents contend that Williams's claim that there was insufficient evidence to support his conviction for stalking is procedurally barred from review by this court because the last state court to render judgment on the claim found it to be procedurally defaulted under applicable state rules, *see Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992), and because the claim was not presented to the state courts in accordance with the requirements of the state's procedural rules, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The respondents further contend that the remaining claims presented by Williams in his petition were properly adjudicated on the merits by the state courts and thus do not provide a basis for federal habeas corpus relief. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). (*Doc. No. 8 at 10-15*.) Williams was granted an opportunity to reply to the respondents' answer, but failed to do so.

After due consideration of Williams's § 2254 petition, the answer of the respondents, and the record in this case, the court concludes that an evidentiary hearing is not required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and that the

petition should be denied.

## II.   DISCUSSION

### A.   *Procedurally Defaulted Claim*

Williams contends that the evidence presented at trial was insufficient to support his conviction for stalking in violation of § 13A-6-90, Ala. Code 1975.[1] Williams raised this claim in the state court on direct appeal. The portion of the Alabama Court of Criminal Appeals' opinion specifically addressed to this claim reads as follows:

> Williams argues that the evidence presented at trial was insufficient to sustain a conviction for stalking. Initially, we note that Williams's claims are precluded from appellate review as he has failed to comply with Rule 28(a)(1), Ala.R.App.P. by not including the required citation to the appropriate authority in support of his contentions. *Harrison v. State*, 905 So.2d 858, 860 (Ala. Crim. App. 2005).
>
> In any event, Williams's claim is without merit. Section 13A-6-90, Ala. Code 1975 states, in pertinent part:
>
> > "(a)  A person who intentionally and repeatedly follows

---

[1] The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970). Habeas relief on the merits of a claim of insufficient evidence is appropriate under § 2254 only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

> But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." ... [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson*, 443 U.S. at 318-19. Sufficiency claims are judged by the elements of the offense defined by state law. *Id*. at 324 n.16.

> or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking."

See also *Mims v. State*, 816 So.2d 509, 513 (A1a. Crim. App. 2001).

"'In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.'" *Ballenger v. State* , 720 So.2d 1033, 1034 (Ala. Crim. App. 1998), quoting *Faircloth v. State*, 471 So.2d 485, 488 (Ala. Crim. App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). "'The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.'" *Nunn v. State*, 697 So.2d 497, 498 (Ala. Crim. App. 1997), quoting *O'Neal v. State*, 602 So.2d 462, 464 (Ala. Crim. App. 1992). "When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and in such a case, this court will not disturb the trial court's decision.'" *Farrior v. State*, 728 So.2d 691, 696 (Ala. Crim. App. 1998), quoting *Ward v. State*, 557 So.2d 848, 850 (Ala. Crim. App. 1990). "The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury." *Ex parte Bankston*, 358 So.2d 1040, 1042 (Ala. 1978).

> Moreover, this Court has stated:
>
> > "In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be viewed in a light most favorable to the prosecution, and conflicting evidence presents a jury question not subject to review on appeal, provided the State's evidence established a prima facie case. *Williams v. State*, 710 So.2d 1296, 1337 (Ala. Crim. App. 1996), aff'd, 710 So.2d 1350 (Ala. 1997); *Cumbo v. State*, 368 So.2d 871 (Ala. Crim. App. 1978). 'The action of the trial court in denying a motion for judgment of acquittal or a motion for new trial must be reviewed by determining whether there existed legal evidence from which the jury by fair inference could have found the defendant guilty

6

>beyond a reasonable doubt. *Williams v. State,* 710 So.2d at 1337; *Willis v. State*, 447 So.2d 199 (Ala. Crim. App. 1983). When the evidence raised questions of fact for the jury and such evidence, if believed, was sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal or a motion for new trial on the ground of insufficiency of the evidence does not constitute error. See *Williams*."

*Breckenridge v. State*, 628 So.2d 1012, 1018 (Ala. Crim. App. 1993).

>Lastly, any "inconsistencies and contradictions in the State's evidence, as well as [any] conflict between the state's evidence and that offered by the appellant, goes to the weight of the evidence and [creates a question] of fact to be resolved by the jury." *Roswell v. State*, 647 So.2d 67, 69-70 (Ala. Crim. App. 1994).

>The evidence adduced at trial showed Donnie Williams intentionally and repeatedly followed, harassed, and expressly threatened Callie Williams with the intent to place her in reasonable fear of death or serious bodily injury. As described above, this occurred no less than six times. Based on the evidence presented at trial, the jury could have reasonably concluded that Donnie Williams stalked Callie Williams.[2]

(*Doc. No. 8, Exh. D at 4-6.*)

As previously noted, the respondents argue that Williams's sufficiency-of-the-evidence claim is procedurally barred from review by this court because (1) the last state court to render judgment on the claim found it to be procedurally defaulted under applicable state rules and (2) the claim was not presented to the state courts in accordance with the requirements of the state's procedural rules. (*Doc. No. 8 at 10-15*.) The answer filed by the respondents and the evidentiary materials submitted in this case demonstrate that Williams's sufficiency-of-the-

---

[2]Prior to its discussion of this issue, the Alabama Court of Criminal Appeals' opinion sets forth a lengthy summary of the evidence presented at Williams's trial. (*Doc. No. 8, Exh. D at 1-4.*)

7

evidence claim is procedurally defaulted.

Although the court went on to address the merits of this claim in Williams's direct appeal, the Alabama Court of Criminal Appeals initially found the claim to be precluded from appellate review pursuant to Ala.R.App.P. 28(a)(1) because Williams's appellate brief failed to include citation to appropriate authority in support of his arguments. (*Doc. No. 8, Exh. D at 4*.) Thus, this claim is barred from review by this court because the last state court to render judgment on the claim found that it was procedurally defaulted under applicable state rules. *See Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."). Even where a state court addresses the substantive merits of a defaulted claim in an alternative holding, the claim remains barred from federal review. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Moreover, after the Alabama Court of Criminal Appeals rendered its decision on direct appeal, Williams did not seek the Alabama Supreme Court's discretionary review of this issue through a petition for certiorari review. *See* Ala.R.App.P. 39. Consequently, Williams failed to present this claim to the state courts in accordance with the requirements of the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n.9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). Because Williams cannot now

return to the state courts to litigate this claim further, the claim is procedurally defaulted for this reason as well. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the [p]etitioner failed to exhaust state remedies and the court to which [p]etitioner would be required to present his claims in order to meet the exhaustion requirement could now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas.").

This court may reach the merits of Williams's procedurally defaulted claim only if Williams shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *see Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims, *see Schlup v. Delo*, 513 U.S. 298, 320 (1995). The court has reviewed the pleadings submitted by Williams. In these documents, he has demonstrated neither cause for his failure to present the defaulted claim to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of his defaulted claim in order to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup*, *supra*. "To establish actual innocence, [a

9

habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

> The Supreme Court in *Schlup* observed that
>
> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Williams has failed to make the requisite showing of actual innocence. He has presented no evidence nor suggested that any exists that could satisfy the standard set forth in *Schlup*. Consequently, Williams's procedurally defaulted claim is foreclosed from federal habeas review.

### B.     *Claims Adjudicated by the State Courts*

####    1.     **Standard of Review**

The record establishes that the state courts addressed the merits of Williams's claims that (1) he was denied effective assistance of trial counsel because trial counsel failed to object to the trial court's instructions to the jury to continue its deliberations, and (2) he was denied effective assistance of appellate counsel because appellate counsel (i) failed to raise the claim that trial counsel was ineffective for failing to object to the trial court's instructions

to the jury to continue its deliberations and (ii) failed to raise the claim that the trial court lacked jurisdiction to adjudicate him guilty of stalking after he was acquitted of a lesser included offense. In Williams's appeal from the trial court's denial of his Rule 32 petition, the Alabama Court of Criminal Appeals adjudicated each of these claims adversely to Williams on the merits. The Alabama Supreme Court denied Williams's petition for writ of certiorari review of the appellate court's decision. This Court must therefore review these claims in accordance with the directives contained in 28 U.S.C. § 2254(d)(1) and (2).[3]

To prevail on his § 2254 claims adjudicated on the merits by the state courts, Williams must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 404-05 and 412-13; 28 U.S.C. §2254(d)(1) and (2). A state court's decision can be

---

[3] 28 U.S.C. § 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> >  (1)   resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or
> >
> >  (2)   resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

11

"contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003). The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)." *Id.* at 636. Additionally, a state court's summary rejection of a federal constitutional issue qualifies as an adjudication on the merits under § 2254(d), so that the summary rejection is entitled to the same deference as a written opinion. *See Wright v. Sec. of Dept. Of Corr.,* 278 F.3d 1245, 1254 (11th Cir. 2002).

### 2. Claims of Ineffective Assistance of Counsel

As noted above, Williams claims that his trial counsel rendered ineffective assistance by failing to object to the trial court's instructions to the jury to continue its deliberations. Williams also claims that his appellate counsel was ineffective for (i) failing to raise the claim that trial counsel was ineffective for failing to object to the trial court's instructions to the jury to continue its deliberations and (ii) failing to raise the claim that the trial court lacked jurisdiction to adjudicate him guilty of stalking after he was acquitted of a lesser included offense. The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the trial court did not err in denying the claims of ineffective assistance of counsel presented in Williams's Rule 32 petition. (*Doc. No. 8, Exh. J at 3-4.*) *Strickland* sets forth the clearly established federal law on this issue. Thus, this court will determine whether the state courts' rejection of Williams's claims of ineffective assistance of counsel "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

### a. The *Strickland* Standard

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. A petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, the petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, the petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *See Williams v. Taylor*, 529 U.S. at 393 n.17 (2000).

There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

The test used to evaluate claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance of appellate counsel. *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991). Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

The state courts did not decide Williams's claims of ineffective assistance of counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts," nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, the state appellate court's rejection of these claims was not contrary to actual Supreme Court decisions. This court must therefore resolve whether the Alabama Court of Criminal Appeals' decision to reject the ineffective assistance of counsel claims was an unreasonable application of the *Strickland* standard.

      **b.**    **Trial Counsel**

Presented with the claim that Williams's trial counsel rendered ineffective assistance by failing to object to the trial court's instructions to the jury to continue its deliberations, the Alabama Court of Criminal Appeals ruled as follows:

> Williams argues that he received ineffective assistance of trial counsel because trial counsel did not object to the trial judge sending a written instruction to the jury to continue deliberating[.]
>
>     ....

> In order to prevail on an ineffective assistance of counsel claim, Williams must satisfy the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Williams must show not only that the counsel's performance was deficient, but must also show that the deficiency prejudiced him. *Strickland, supra*. "This Court indulges the presumption that trial counsel's representation was sufficient and that counsel's assistance was effective. *Bowen v. State*, 899 So.2d 310, 312 (Ala. Crim. App. 2004).
>
> Williams's allegations that he received ineffective assistance of trial counsel are moot. Williams asserts that his attorney should have objected to the trial judge's written instruction to the jury to continue deliberations. The jury's note to the judge, however, indicated that the jurors were split on the domestic violence charge. Williams was acquitted of the domestic violence charge. Obviously, Williams was the beneficiary of the jury's continued deliberations. He is thus not entitled to relief.

(*Doc. No. 8, Exh. L at 3-4*.)

The trial record supports the appellate court's finding that the jury was deadlocked as to the domestic violence charge and not the stalking charge. (*See Doc. No. 8, Exh. A - Vol. IV at 548-49.*) Because the jury found Williams not guilty as to the domestic violence charge, Williams could not have been prejudiced by his trial counsel's failure to object to the court's instructions to the jury to continue its deliberations. Consequently, Williams fails to show the harm necessary to prevail on a claim of ineffective assistance of counsel. *Strickland* 466 U.S. at 687-88. The state court's rejection of this claim was objectively reasonable. *Williams*, 529 U.S. at 405-06. This decision was likewise a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). Therefore, Williams is not entitled to federal habeas relief based on this claim.

### c.    Appellate Counsel

Presented with Williams's claim that his appellate counsel was ineffective for failing to raise a claim that his trial counsel was ineffective for failing to object to the trial court's instructions to the jury to continue its deliberations, the Alabama Court of Criminal Appeals reasoned that there could be no error on the part of appellate counsel for not raising an issue that was itself groundless. (*Doc. No. 8, Exh. L at 4*.) It is well settled that a lawyer cannot be deficient for failing to raise a meritless claim. *See, e.g., Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). The state court's rejection of this claim was objectively reasonable, *see Williams*, 529 U.S. at 405-06; therefore, Williams is not entitled to habeas relief based on this claim of ineffective assistance of appellate counsel.

Finally, as to Williams's claim that his appellate counsel was ineffective for failing to argue that the trial court lacked jurisdiction to adjudicate him guilty of stalking after he was acquitted of a lesser included offense, the Alabama Court of Criminal Appeals reasoned as follows:

> In regards to Williams's other claim of ineffective assistance of counsel, it too is based on a faulty premise. A charged offense is considered a lesser included offense if "it is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged." § 13A-1-9(a)(1), Ala. Code 1975. The indictment charging Williams with stalking states that the charge is premised on actions taken by Williams between March 24 and April 17, 2004. (Direct Appeal C. 13). The indictment charging Williams with domestic violence, however, states that the charge is premised on an incident on March 30, 2004, in which Williams grabbed Callie Williams by her clothes and verbally threatened her. (R. 58). Thus, separate evidence had to be presented regarding each charge. As such, domestic violence cannot be considered a lesser included offense encompassed in the stalking charge. It thus would have been improper for Williams's appellate counsel to make such an erroneous argument to this court. Therefore, Williams is not entitled to any relief as to this claim.

17

(*Doc. No. 8, Exh. L at 4.*)  Upon a thorough review of the evidentiary materials submitted in this case, it is clear that the appellate court's rejection of Williams's claim was objectively reasonable.  *Williams*, 529 U.S. at 405-06.  It was possible to commit the offense of stalking as charged against Williams without committing the offense of domestic violence that Williams was also charged with, and those charges were based on separate evidence.  The decision issued by the state appellate court likewise constituted a reasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(2).  Therefore, federal habeas relief is unwarranted on Williams's claim of ineffective assistance of appellate counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Williams be denied and that this case be dismissed with prejudice.  It is further

ORDERED that on or before **October 6, 2009** the parties shall file objections to the said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking

on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of September, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE